IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

TOK CHA KIM, TOK CHA          )   CIVIL NO. 06-00099 HG-BMK
INVESTMENTS, INC.,            )
                             )
            Plaintiffs,      )
                             )
        vs.                  )
                             )
CB RICHARD ELLIS HAWAII, INC., )
COLDWELL BANKER COMMERCIAL    )
PACIFIC PROPERTIES,          )
                             )
            Defendants.      )
_____ )

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**
**ALL CLAIMS AGAINST DEFENDANT**
**COLDWELL BANKER COMMERCIAL PACIFIC PROPERTIES**

In 2004, Plaintiff Tok Cha Kim ("Plaintiff Kim") and

Plaintiff Tok Cha Investments, Inc. ("TCI") (collectively,

"Plaintiffs") filed an action in Hawaii State Court against its

Lessor, Pacific Guardian Center ("Lessor").  Lessor later filed

counterclaims against Plaintiffs.  Lessor moved for Summary

Judgement on all claims.  The State Court action was later

removed to Bankruptcy Court, as Plaintiffs had petitioned for

bankruptcy protection.  Plaintiffs filed a new lawsuit in

Bankruptcy Court against Lessor's brokers, Defendant CB Richard

Ellis Hawaii, Inc. ("Defendant Ellis") and Defendant Coldwell

Banker Commercial Pacific Properties ("Defendant Coldwell

Banker") (collectively, "Defendants").

The Bankruptcy Court granted the Lessor's Motion to Remand

to state court, and Plaintiffs stipulated to the dismissal without prejudice of the claims asserted in Bankruptcy Court against Defendants.  The State Court granted Summary Judgment and entered final judgment in favor of the Lessor on all claims in August 2005.  Plaintiffs appealed the Hawaii state court decision.

On February 17, 2006, Plaintiffs filed a suit against Defendants in this Court.  Defendant Coldwell Banker moves for dismissal with prejudice of all claims against Defendant Coldwell Banker pursuant to Federal Rules of Civil Procedure 12(b)(6).

For the reasons stated below, Defendant Coldwell Banker's motion is GRANTED IN PART and DENIED IN PART.

## PROCEDURAL HISTORY

On February 17, 2006, Plaintiffs filed the Complaint against Defendants for Declaratory and Injunctive Relief and Damages.

On April 13, 2006, Plaintiffs filed the First Amended Complaint.

On April 26, 2006, Defendant Ellis filed its Answer to the First Amended Complaint and a cross-claim against Defendant Coldwell Banker.

On April 26, 2006, Defendant Coldwell Banker filed a Motion to Dismiss with Prejudice all claims against Defendant Coldwell Banker.

On June 30, 2006, Plaintiffs filed a Memorandum in

2

Opposition to Defendant Coldwell Banker's Motion to Dismiss.

On July 6, 2006, Defendant Coldwell Banker filed its Reply Memorandum.

On July 17, 2006, the matter came on for hearing before this Court.

## LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989), cert. denied, 496 U.S. 906 (1990). Regarding a motion to dismiss, courts must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." In re Daou Systems, Inc., 411 F.3d 1006, 1013 (9th Cir. 2005), cert. denied __ U.S. __, 126 S. Ct. 1335 (2006)(citations omitted). Still, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993) (citations omitted). See also Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert denied, 454 U.S. 1031 (1981) (court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual

3

allegations."). A complaint may be dismissed as a matter of law for either of two reasons: (1) lack of a cognizable theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

## ANALYSIS

### A.  Counts VI, IX, X, XI, and XII

Counts VI, IX, X, XI, and XII of the Complaint were DISMISSED WITH PREJUDICE by Plaintiffs as to Defendant Coldwell Banker at the hearing held on July 17, 2006.

### B.  Counts V, VII, and VIII

As to the remaining counts against Defendant Coldwell Banker, Count V is DISMISSED WITH PREJUDICE.  Plaintiff is given until August 17, 2006, thirty days from the date of the hearing, to amend the Complaint as to Counts VII and VIII as to Coldwell Banker.

### 1.  Count V: Misrepresentations and Failures to Disclose by Defendant Coldwell Banker.

Plaintiffs have alleged two distinct torts under state law in Count V.  Plaintiffs first allege a failure to disclose, or nondisclosure.  Plaintiffs also allege misrepresentations.  The torts of nondisclosure and misrepresentations are two separate and distinct torts.  See Zanakis-Pico v. Cutter Dodge, Inc., 47

4

P.3d 1222, 1249 n.13 (Haw. 2002).

### a.    Failure to Disclose or Nondisclosure

The Restatement (Second) of Torts states that liability for nondisclosure may be imposed when:

> (1)   One who fails to disclose to another a fact that
> he knows may justifiably induce the other to act
> or refrain from acting in a business transaction
> is subject to the same liability to the other as
> though he had represented the nonexistence of the
> matter that he has failed to disclose, **if, but
> only if, he is under a duty to disclose the matter
> in question**.

Restatement (Second) of Torts § 551 (1977)(emphasis added).

Both Hawaii courts and the United States Supreme Court have stated that a broker owes a duty only to his principal.  The United States Supreme Court held that a "broker is but an agent, and is bound to follow the directions of his principal.... In the absence of a special agreement to the contrary, it is the principal's judgment, and not his, that is to control...." Gallagher v. Jones, 129 U.S. 193, 198 (1889).  The Hawaii Supreme Court agrees, holding that the "rules of agency apply to the relationship between a real estate broker and a principal.  The law imposes upon a real estate broker a fiduciary obligation comprised of utmost good faith, integrity, honesty, and loyalty, as well as a duty of due care and diligence." Property House, Inc. v. Kelley, 715 P.2d 805, 810 (Haw. 1986)(internal citations

5

omitted).

Plaintiffs, in the Complaint, have not alleged any duty flowing from Defendant Coldwell Banker to the Plaintiffs. Plaintiffs therefore fail to make a prima facie case of nondisclosure under Hawaii law.  The Plaintiffs raise no argument in their opposition to Defendant Coldwell Banker's motion as to Count V.

**b.   Misrepresentation**

Plaintiffs also allege intentional misrepresentation, or fraud, in the Complaint.  Plaintiffs' allegations of fraud also fail.  Under Hawaii law, fraud "cannot be predicated on statements which are promissory in their nature, or constitute expressions of intention, and an actionable representation cannot consist of mere broken promises...even if there is no excuse for failure to keep the promise, and even though a party acted in reliance on such promise." TSA Int'l Ltd. v. Shimizu Corp., 990 P.2d 713, 725 (Haw. 1999).  "To be actionable, the alleged false representation must relate to a past or existing material fact, not the occurrence of a future event." Id., citing Stahl v. Balsara, 587 P.2d 1210, 1214 (Haw. 1978).

Plaintiffs' claim alleges that Defendant Coldwell Banker "misled over a several month period the Plaintiff into believing that it wanted to finish the negotiations started by CB Richards

but that it was very busy and negotiations kept being delayed on one pretext or another."  (Complaint ¶ 72.)  Plaintiffs' Complaint alleges that "[b]ut for the representation that the Broker would meet to negotiate the lease terms, and the failure to disclose the Lessor was unwilling to negotiate, Plaintiff would have commenced its relocation or the liquidation of the business by June 1, 2003 or as soon after as the true material facts were known to the Plaintiff."  (Complaint ¶ 73.)

Plaintiffs' allegations are statements of proposed future conduct that imply a statement of intention by Defendant Coldwell Banker.  According to Hawaii law, an expression of intent cannot support a claim for misrepresentation.  Plaintiffs' claim for misrepresentation fails to state a claim for relief.  Count V is DISMISSED WITH PREJUDICE.  While leave to amend should be freely given, it should be denied when permitting amendment would result in futility for lack of merit.  Foman v. Davis, 371 U.S. 178, 182 (1962).

**2.   Count VII: 42 U.S.C. Section 1981, and Count VIII: 42 U.S.C. Section 1982**

Plaintiffs' allegations in the First Amended Complaint of discriminatory conduct by Defendant Coldwell Banker are conclusory and unsupported by any facts.  "Conclusory allegations, unsupported by facts, have been consistently rejected as insufficient to state a claim under the Civil Rights

7

Act." <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977).
The plaintiff must "allege with at least some degree of
particularity overt acts which defendant engaged in" that support
the plaintiff's claim.  <u>Id.</u>, quoting <u>Powell v. Workmen's
Compensation Board</u>, 327 F.2d 131, 137 (2nd Cir. 1964).

The Court gives Plaintiffs thirty days from the date of the
hearing, or until Thursday, August 17, 2006, to file an amended
complaint as to the allegations against Defendant Coldwell Banker
in Count VII and Count VIII of the First Amended Complaint.

**C.   <u>Judicial Notice of Matters of Public Record</u>**

In Plaintiffs' Opposition to Defendant Coldwell Banker's
Motion to Dismiss, Plaintiffs argue that Defendant's motion is
actually a motion for summary judgment.  Plaintiffs set forth
that Defendant Coldwell Banker "introduced evidentiary matter
from outside the complaint into its memorandum...."  (Opp. at 2).

The Court did not rely on the attachments with respect to
the filings of any party, however the Court can take judicial
notice of the filings by Defendant Coldwell Banker that are court
records, which are a matter of public record.  In considering a
motion to dismiss, the court "may take judicial notice of matters
of public record outside the pleadings...." <u>MGIC Indem. Corp. v.
Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986).  Though the Court did
not rely on the attachments, the existence of the records is

important as they make clear that there has been ample
opportunity for Plaintiffs to discover facts that would support
specific allegations against Defendant Coldwell Banker.
Plaintiffs have failed to include any such facts in the First
Amended Complaint.  The Court rules on Defendant Coldwell
Banker's motion as a motion to dismiss, not a motion for summary
judgment.

<u>**CONCLUSION**</u>

In accordance with the foregoing, the Court HEREBY ORDERS
that:

1.   Counts VI, IX, X, XI, and XII are DISMISSED WITH
PREJUDICE as to Defendant Coldwell Banker, as agreed by
Plaintiffs at the July 17, 2006 hearing.

2.   Count V is DISMISSED WITH PREJUDICE as to Defendant
Coldwell Banker, as Plaintiffs fail to state a prima facie case
of nondisclosure or misrepresentation under Hawaii law, and leave
to amend would be futile.

3.   Plaintiffs have thirty days, or until Thursday, August
17, 2006, to AMEND the Complaint with regards to Count VII and
Count VIII as to Defendant Coldwell Banker.

//

//

//

9

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, August 30, 2006.



 /s/ Helen Gillmor
Chief United States District Judge

Tok Cha Kim, Tok Cha Kim Investments, Inc. v. CB Richard Ellis Hawaii, Inc., Coldwell Banker Commercial Pacific Properties, Civil No. 06—00099 HG-BMK; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE ALL CLAIMS AGAINST DEFENDANT COLDWELL BANKER COMMERCIAL PACIFIC PROPERTIES**