IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TOK CHA KIM, TOK CHA INVESTMENTS, INC., | ) ) ) | CIVIL NO. 06-00099 HG-BMK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| CB RICHARD ELLIS HAWAII, INC., COLDWELL BANKER COMMERCIAL PACIFIC PROPERTIES, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER DENYING DEFENDANT COLDWELL BANKER'S MOTION TO DISMISS COUNTS VII AND VIII OF PLAINTIFFS' FIRST AMENDED COMPLAINT WITH PREJUDICE**

This is a discrimination case against real estate brokers. The Court previously dismissed Counts VII and VIII of Plaintiffs' First Amended Complaint, without prejudice, and gave Plaintiffs thirty (30) days leave to amend. Plaintiffs did not amend, but instead filed a notice of dismissal of Counts VII and VIII, without prejudice. Plaintiffs did not file their notice of dismissal until approximately five (5) weeks after the time expired for them to file an amended complaint as to Counts VII and VIII.

Defendant Coldwell Banker Commercial Pacific Properties, moves to dismiss Counts VII and VIII, with prejudice, under Fed. R. Civ. P. 41(b), as a sanction for Plaintiffs' failure to comply

1

with the Court's order granting leave to amend within thirty (30) days.  Alternatively, Defendant moves to dismiss Counts VII and VIII, with prejudice, under Fed. R. Civ. P. 12(b)(6), based on the Court's earlier holding that Counts VII and VIII fail to state a claim.

For the reasons set forth below, the Court finds that dismissal of Counts VII and VIII, with prejudice, is not warranted as a sanction or for Plaintiffs' failure to state a claim.  Accordingly, Defendant Coldwell Banker's "Motion to Dismiss Counts VII and VIII of Plaintiffs' First Amended Complaint" (Doc. 23) is **DENIED**.  On October 5, 2006, Plaintiffs dismissed Counts VII and VIII, without prejudice.

## BACKGROUND

In 2004, Plaintiff Tok Cha Kim ("Plaintiff Kim") and Plaintiff Tok Cha Investments, Inc. ("TCI") (collectively, "Plaintiffs") filed an action in Hawaii State Court against its Lessor, Pacific Guardian Center ("Lessor").  Lessor later filed counterclaims against Plaintiffs.  Lessor moved for Summary Judgment on all claims.  The State Court action was later removed to Bankruptcy Court, as Plaintiffs had petitioned for bankruptcy protection.

Plaintiffs filed a new lawsuit in Bankruptcy Court against Lessor's brokers, Defendant CB Richard Ellis Hawaii, Inc. ("Defendant CB Richard Ellis") and Defendant Coldwell Banker

Commercial Pacific Properties ("Defendant Coldwell Banker").

The Bankruptcy Court granted the Lessor's Motion to Remand to state court, and Plaintiffs stipulated to the dismissal without prejudice of the claims asserted in Bankruptcy Court against Defendants.  The State Court granted Summary Judgment and entered final judgment in favor of the Lessor on all claims in August 2005.  Plaintiffs appealed the Hawaii state court decision.

**PROCEDURAL HISTORY**

On February 17, 2006, Plaintiffs filed a suit against Defendants in this Court.

On April 13, 2006, Plaintiffs filed their First Amended Complaint.

Plaintiffs' First Amended Complaint contains twelve counts:

(1)   Count I - Theft by deception of business information against Defendant CB Richard Ellis;

(2)   Count II - Failure to disclose that Lessor was unwilling to negotiate new terms against Defendant CB Richard Ellis;

(3)   Count III - Failure to disclose the use of racial stereotypes in connection with real estate transactions against Defendant CB Richard Ellis;

(4)   Count IV - Violation of Haw. Rev. Stat. § 480-2 against Defendant CB Richard Ellis;

(5)   Count V - Misrepresentations and failures to disclose against Defendant Coldwell Banker;

(6)   Count VI - Violation of Haw. Rev. Stat. § 480-2 against Defendant Coldwell Banker;

(7)   Count VII - Violation of 42 U.S.C. § 1981;

(8)   Count VIII - Violation of 42 U.S.C. § 1982;

(9)   Count IX - Breach of duty of good faith and fair dealing;

(10) Count X - Fraud;

(11) Count XI - Tortious interference with contract;

(12) Count XII - Tortious interference with a prospective business advantage.

On April 26, 2006, Defendant Coldwell Banker moved for dismissal with prejudice of all claims against Defendant Coldwell Banker pursuant to Federal Rules of Civil Procedure 12(b)(6).

On July 17, 2006, Defendant's Motion to Dismiss came on for hearing.

At the hearing, and as reflected by the Court's minutes of the July 17, 2006 hearing, Plaintiffs conceded the dismissal of Counts VI, IX, X, XI, and XII.  The Court dismissed those counts with prejudice.  The Court also dismissed Count V with prejudice. The Court dismissed Counts VII and VIII without prejudice and gave Plaintiff thirty (30) days leave to amend.  Plaintiffs had until August 17, 2006 to amend their Complaint as to Counts VII

and VIII. On August 30, 3006, the Court issued a written order

reflecting the Court's oral ruling at the July 17, 2006 hearing.

With regard to Counts VII and VIII the Court found:

> Plaintiffs' allegations in the First Amended Complaint of discriminatory conduct by Defendant Coldwell Banker are conclusory and unsupported by any facts. "Conclusory allegations, unsupported by facts, have been consistently rejected as insufficient to state a claim under the Civil Rights Act." Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977). The plaintiff must "allege with at least some degree of particularity overt acts which defendant engaged in" that support the plaintiff's claim. Id., quoting Powell v. Workmen's Compensation Board, 327 F.2d 131, 137 (2nd Cir. 1964).

The Court also held:

> The Court gives Plaintiffs thirty days from the date of the hearing, or until Thursday, August 17, 2006, to file an amended complaint as to the allegations against Defendant Coldwell Banker in Count VII and Count VIII of the First Amended Complaint.

Plaintiffs have not filed an amended complaint as to the

allegations against Defendant Coldwell Banker in Counts VII and

VIII of the First Amended Complaint.

On August 16, 2006, Plaintiffs lodged an "Ex Parte Motion

for Extension to Time to File Amended Complaint as to Counts VII

and VIII".

On August 22, 2006, the Court entered an Order Granting

"Plaintiffs' Ex Parte Motion for Extension to Time to File

Amended Complaint as to Counts VII and VIII". (Doc. 21.) The

Order allowed Plaintiffs until August 26, 2006 to file an amended

complaint with regard to Counts VII and VIII.

## MOTION BEFORE THE COURT

On September 8, 2006, Defendant Coldwell Banker filed a "Motion to Dismiss Counts VII and VIII of Plaintiffs' First Amended Complaint". ("Motion to Dismiss", Doc. 23.)

On October 5, 2006, Plaintiffs filed a memorandum in Opposition to Defendant's Motion to Dismiss.  (Doc. 26.)

On October 5, 2006, Plaintiffs also filed a "Notice of Dismissal Without Prejudice of Counts VII and VIII As to Coldwell Banker Commercial Pacific Properties Only."  (Doc. 25.)

On October 12, 2006, Defendant Coldwell Banker filed a Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss.  (Doc. 27.)

On October 17, 2006, the Court took this matter under advisement. (Doc. 28.)

## STANDARD FOR REVIEW

### I.    Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41(b) provides that, "[f]or failure of the plaintiff . . . to comply with . . . any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."

## II.  **Fed. R. Civ. P. 12(b)(6)**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989), cert. denied, 496 U.S. 906 (1990).  Regarding a motion to dismiss, courts must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs."  In re Daou Systems, Inc., 411 F.3d 1006, 1013 (9th Cir. 2005), cert. denied __ U.S. __, 126 S. Ct. 1335 (2006)(citations omitted).  Still, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993) (citations omitted).  See also Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981) (court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.").  A complaint may be dismissed as a matter of law for either of two reasons: (1) lack of a cognizable theory; or (2) insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.

1990).

**ANALYSIS**

Defendant Coldwell Banker moves for dismissal of Counts 7 and 8 of Plaintiffs' First Amended Complaint with prejudice, under Fed. R. Civ. P. 41(b) or, alternatively, Fed. R. Civ. P. 12(b)(6) on the grounds that:  (1) Plaintiffs did not file an amended complaint as to Counts VII and VIII as ordered by this Court on July 17, 2006, and memorialized by the Court's August 30, 2006 written order; and (2) Counts VII and VIII fail because Plaintiffs do not allege that Defendant Coldwell Banker was in any way responsible for the alleged racial discriminatory conduct underlying Counts VII and VIII.

Defendant Coldwell Banker contends that dismissal under Rule 41(b) is warranted in this case because Plaintiffs failed to comply with the Court's orders allowing amendment of the First Amended Complaint as to Counts VII and VIII by August 17, 2006 and extended to August 26, 2006.  In support of its position, Defendant Coldwell Banker cites Yourish v. California Amplifier, 191 F.3d 983 (9th Cir. 1999).  In Yourish, the Ninth Circuit Court of Appeals held that the district court has discretion to dismiss a complaint with prejudice as a sanction for the plaintiff's failure to amend within the time established by the court's order.  Yourish, 191 F.3d at 990.  For a court to dismiss a case or claims as a sanction, the court must consider five

8

factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).

Plaintiffs submit that by not amending Counts VII and VIII within thirty (30) days of the Court's Order, they chose to voluntarily dismiss as permitted by Fed. R. Civ. P. 41(a)(1)(i). Rule 41(a)(1)(i) permits a party to voluntarily dismiss a complaint "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Plaintiffs filed a notice of dismissal on October 5, 2006. Defendant Coldwell Banker has not filed an answer or motion for summary judgment.

"Dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances'". Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004) (citing Dahl v. City of Huntington beach, 84 F.3d 363, 366 (9th Cir. 1996)). Although Plaintiffs should have informed the Court sooner of their intention to dismiss Counts VII and VIII without prejudice, the fact that Plaintiffs waited until October 5, 2006, approximately five (5) weeks later, to do so does not warrant imposition of the sanction of dismissal with prejudice.

The Court also declines to dismiss Counts VII and VIII, with prejudice, under Fed. R. Civ. P. 12(b)(6).  While the Court previously found that Plaintiffs had failed to allege discriminatory conduct so as to support a violation of 42 U.S.C. § 1981 (Count VII) or 42 U.S.C. § 1982 (Count VIII), the Court did not find that Plaintiffs could allege no set of facts in support of their claim which would entitle them to relief.  The Court declines to make such a finding at this juncture in light of Plaintiffs' voluntary dismissal of Counts VII and VIII.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant Coldwell Banker's "Motion to Dismiss Counts VII and VIII of Plaintiffs' First Amended Complaint", filed September 8, 2006, (Doc. 23) is **DENIED.**

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 16, 2006.



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

Tok Cha Kim v. CB Richard Ellis Hawaii, Inc.; Civil No. 06-00099 HG-BMK; **ORDER DENYING DEFENDANT COLDWELL BANKER'S MOTION TO DISMISS COUNTS VII AND VIII OF PLAINTIFFS' FIRST AMENDED COMPLAINT WITH PREJUDICE**